# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1285

_____

United States of America,                    *
                                             *
          Appellee,                          *
                                             *     Appeal from the United States
     v.                                      *     District Court for the
                                             *     Northern District of Iowa.
Basil Levy,                                  *
                                             *     [UNPUBLISHED]
          Appellant.                         *

_____

Submitted: November 4, 2003

Filed: December 9, 2003

_____

Before RILEY, McMILLIAN, and SMITH, Circuit Judges.

_____

PER CURIAM

The district court[1] found Basil Levy guilty of conspiring to distribute 50 grams or more of cocaine base, 5 kilograms or more of cocaine, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), (b)(1)(D), 846, and 851. The district court sentenced Levy to life imprisonment. He appeals, arguing that the court erred (1) by enhancing his sentence for being a manager or supervisor of the conspiracy,

_____

[1]The Honorable James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota, sitting by designation in the Northern District of Iowa.

(2) by further enhancing his sentence for obstructing justice based upon his trial testimony, and (3) by including 1.87 kilograms of cocaine base in calculating the drug quantities attributable to him. We reject these arguments and affirm.

The district court did not clearly err in applying a 3-level enhancement under U.S.S.G. § 3B1.1(b). Levy did not dispute that the conspiracy involved 5 or more participants, and the evidence at trial established that he arranged drug transactions between coconspirators; that a coconspirator delivered drugs on Levy's behalf; that Levy rented cars used to transport the drugs and set the price of cocaine; that he instructed others to follow him to various locations where the drug transactions occurred; and that he fronted drugs to a coconspirator. See U.S.S.G. § 3B1.1, comment. (n.4) (factors to consider in assessing defendant's role in conspiracy include exercise of decision-making authority, degree of participation in planning or organizing offense, nature and scope of illegal activity, and degree of control over others); cf. United States v. Sarabia-Martinez, 276 F.3d 447, 451-52 (8th Cir. 2002) (4-level enhancement proper where defendant, inter alia, arranged how to transport drug shipments and fronted drugs to cooperating witness); United States v. Sherman, 262 F.3d 784, 793 (8th Cir. 2001) (affirming 4-level organizer/leader enhancement where defendant had ultimate control over supply of drugs and manner in which drugs were distributed).

Nor did the district court clearly err in enhancing Levy's sentencing range by 2 levels for willfully obstructing the administration of justice during the course of the prosecution. See U.S.S.G. § 3C1.1. At trial, Levy denied that he ever supplied drugs to anyone or ever directed anyone else to supply drugs, material issues in this case. The court expressly found that Levy's denials were lies intended to obstruct justice, and that Levy's testimony conflicted directly with the testimony of other witnesses. See United States v. Thomas, 93 F.3d 479, 489 (8th Cir. 1996) (obstruction-of-justice enhancement affirmed where district court found defendant had lied about material

issues at trial, and defendant's testimony stood in direct contradiction with other witnesses' testimony).

Finally, the district court did not clearly err in determining the amount of cocaine base attributable to Levy. According to the trial testimony, a coconspirator had complained to Levy that the powder cocaine Levy was providing was not cooking into cocaine base correctly. Based on this testimony, we agree with the district court that Levy could have foreseen that some of the cocaine he was supplying was being converted into cocaine base. See U.S.S.G. § 1B1.3(a)(1)(B) (base offense level shall be based upon all reasonably foreseeable acts of others in furtherance of jointly undertaken criminal activity). Because no drugs were seized, the district court was allowed to approximate the quantity of the cocaine base, see U.S.S.G. § 2D1.1, comment. (n.12), and Levy's coconspirators gave ample testimony that at least 1.87 kilograms of the cocaine Levy provided were converted into cocaine base, see United States v. Atkins, 250 F.3d 1203, 1213 (8th Cir. 2001) (testimony of co-conspirators is sufficient evidence on which court may base quantity of drugs used for sentencing). Levy also complains that the district court did not use a powder cocaine to cocaine base conversion ratio, but he did not raise this issue below and we find no plain error. See United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993) (en banc).

Accordingly, we affirm.

_____